IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE, an individual,

      Plaintiff,

v.                                                                        1:20-cv-01365-KWR-LF

LEWIS ROCA ROTHGERBER CHRISTIE LLP,
a limited liability partnership, and Does 1-60, inclusive,

      Defendant.

**ORDER QUASHING ORDER TO SHOW CAUSE AND
GRANTING PETITION TO PROCEED ANONYMOUSLY**

      This matter is before the Court on Plaintiff's Response to Order to Show Cause. Doc. 23. Because Plaintiff was proceeding anonymously in this Court without first filing a petition asking for permission to do so, on February 23, 2021, the Court issued an Order to Show Cause which ordered Plaintiff to show cause by March 9, 2021 why her full name should not be fully disclosed in filings with the Court. Doc. 19. On March 9, 2021, Plaintiff filed her response, which she asked the Court to treat as a petition to proceed anonymously. Doc. 23 at 4. On March 16, 2021, defendant Lewis Roca Rothgerber Christie, LLP ("Lewis Roca") filed a notice stating that it took no position on Plaintiff's request to proceed anonymously. Doc. 24. Having reviewed the briefing, the relevant law, and being fully apprised of the circumstances, the Court finds Plaintiff's arguments well taken, will QUASH the Order to Show Cause, treat Plaintiff's Response to the Order to Show Cause as a petition to proceed anonymously, and GRANT the petition to proceed anonymously.

      Plaintiff argues that she should be allowed to proceed anonymously because this case involves allegations that she was a "minor who was repeatedly sexually assaulted by her high school teacher" at Portsmouth Abbey School in Rhode Island. Doc. 23 at 1. To prevail in this

legal malpractice case, she must prove that "but for" Lewis Roca's negligence, she would have prevailed in her case against Portsmouth Abbey School.  *Id*. at 3.  Plaintiff asserts that proving this "case within the case" will require her "to testify about the nature and extent of her sexual abuse, a matter of the utmost intimacy."  *Id*. (internal quotation omitted).  Plaintiff notes that she is proceeding anonymously in the case in Rhode Island District Court against Michael Bowen Smith, her former teacher, and Portsmouth Abbey School.  *Id*. at 3 n.3.  Plaintiff asserts that the case in Rhode Island has received significant media attention, and that if she is not allowed to proceed anonymously in this case, the media may use her name in future coverage, and that being publicly known as a victim of childhood sexual abuse could be "embarrassing and humiliating."  *Id*. at 3.  Finally, Plaintiff argues that proceeding anonymously does not prejudice Lewis Roca in any way, and that Lewis Roca knows her true name.  *Id.*

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously.  *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events.  A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.  The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court.  *Zavaras*, 139 F.3d at 802.  In exercising that discretion, the court must "weigh[] the

plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ*., 127 F. App'x 409, 411 (10th Cir. 2005) (unpublished).

In this case, the Court finds that Plaintiff has met her burden of showing that her need for anonymity outweighs the public interest in favor of openness. The Court finds that Plaintiff's allegations of sexual abuse as a minor are of a "highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246. Judges in this Court have allowed cases involving claims of sexual abuse against minors to proceed anonymously, even where plaintiffs were no longer minors at the time of litigation. *See Doe v. Sisters of Saint Francis of Colorado Springs*, No. 20cv907 WJ-LF, Doc. 62 at 6 (D.N.M. Feb. 19, 2021) (allowing plaintiffs, now in their fifties and sixties, to proceed anonymously in case alleging childhood sexual abuse due to privacy interests and "highly sensitive" disclosures); *S.M. v. Bloomfield School District, et al*, 16cv823 SCY-WPL, Doc. 43 at 8–9 (D.N.M. Dec. 1, 2016) (allowing plaintiff to proceed anonymously in case alleging abuse by her high school teacher, in part because allegations of sexual assault "touch upon highly sensitive matters" and because plaintiff was a minor at the time of incident). Similarly here, the Court finds that Plaintiff's allegations of sexual abuse as a minor and the "highly sensitive" nature of these allegations support a finding that Plaintiff's need for anonymity outweighs the public interest in favor of openness.

In addition, the Court notes that Lewis Roca is not opposed to Plaintiff proceeding anonymously. The Court sees no prejudice to defendant: Lewis Roca knows the identity of Plaintiff and is not hampered in its efforts to investigate and defend against Plaintiff's allegations. *See Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (finding no prejudice

to the defendants where the defendants were provided the plaintiff's full name).  The Court notes that hearings and filings (albeit sometimes slightly redacted) connected to this case will be open to the public, and the Court is unaware of any significant interest the public might have in Plaintiff's identity in connection with this case.  The fact that Plaintiff is proceeding anonymously in the case in Rhode Island further supports allowing Plaintiff to proceed anonymously here, as these closely related cases should be treated the same.

For the reasons stated above, the Court grants Plaintiff permission to proceed anonymously in this case.  "If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiff[] be disclosed to the defense and the court but kept under seal thereafter."  *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).  **The Court therefore orders Plaintiff to file, no later than March 24, 2021, an unredacted complaint under seal** that places on the record the Plaintiff in her real name as the party in interest.  In all other filings, Plaintiff may proceed as "Jane Doe."

**IT IS SO ORDERED.**

.

Laura Fashing
United States Magistrate Judge