IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

    **Plaintiff,**

    v.                                                        No. 1:20-cv-01365-SMD-LF

**LEWIS ROCA ROTHGERBER
CHRISTIE LLP, and DOES 1–60,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the following motions filed by Defendant Lewis Roca Rothgerber Christie LLP ("Lewis Roca"). The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons below:

- Defendant's Daubert Motion and Memorandum to Exclude Testimony of Robert K. Sall (Doc. 143) is DENIED.

- Defendant's Daubert Motion and Memorandum to Exclude Testimony of Dorene A. Kuffer (Doc. 144) is DENIED.

- Defendant's Motion for Summary Judgment Regarding Plaintiff's Claims That Require a Legal Expert (Doc. 155) is DENIED.

### BACKGROUND

This case arises out of Plaintiff Jane Doe's claims for child sexual abuse against a well-known, Rhode Island-based boarding school, Portsmouth Abbey School, the institution that hired and retained Plaintiff's abuser, Michael Bowen Smith ("Smith"). Plaintiff attended Portsmouth Abbey from September 2010 to May 2014. In December 2020, Plaintiff filed a complaint against Portsmouth Abbey in the United States District Court for the District of Rhode Island, alleging that

the school administrators failed to report and prevent the abuse despite receiving warnings. *See Doe v. Order of St. Benedict in Portsmouth, Rhode Island*, 717 F. Supp. 3d 220 (D.R.I. 2024). The District of Rhode Island ruled that Plaintiff's claims against the school were procedurally barred by the statute of limitations. *Id.* at 224. In December 2020, Plaintiff also filed this action for professional negligence, breach of contract, and breach of fiduciary duty against Defendant Lewis Roca, based on legal services Lewis Roca provided to Plaintiff in connection with her petition for an order of protection against Smith. *See* Doc. 1-2. Plaintiff alleges that Lewis Roca attorneys knew or should have known Plaintiff had potential claims against Portsmouth Abbey arising from the abuse but never advised Plaintiff of these claims or the relevant statute of limitations. *Id.* at 2. Plaintiff also alleges that Lewis Roca never disclosed that the law firm often defended the Catholic Church in claims brought by abuse survivors or explained that this presented a potential conflict of interest. *Id.* at 2–3.

## LEGAL STANDARD

Under Federal Rule of Evidence 702, a witness may be qualified as an "expert" by her "knowledge, skill, experience, training, or education." A qualified expert is permitted to testify "in the form of an opinion" if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. When ruling on motions to exclude or otherwise limit expert testimony, the Court is mindful that its role as gatekeeper is not intended to serve as a replacement for the adversary system. *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1090 (10th Cir. 1994). Ultimately, "the

2

rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 advisory committee's note to 2000 amendment.

## DISCUSSION

I. **Defendant's Motion to Exclude Robert Sall (Doc. 143)**

Robert Sall is an attorney admitted to practice in California. Doc. 211-1 at 223. He has practiced as an attorney for 44 years and is a Certified Specialist in Legal Malpractice Law by the State Bar of California's Board of Legal Specialization. *Id.* For the past 40 years, his practice has consisted primarily of prosecuting and defending cases involving attorney conduct and professional responsibility, legal malpractice, attorney-client fee disputes, and business litigation. Doc. 211-1 at 225.

Sall is expected to testify that Defendant acted below the standard of care in its representation of Plaintiff and breached its fiduciary duties by failing to investigate or disclose potential conflicts of interest and failing to advise Plaintiff of her potential alternative options. *See* Doc. 211-1 at 235–38. According to Sall, Defendant's conduct constitutes a violation of the standard of care for attorneys practicing in "any jurisdiction that has substantially implemented the Model Rules of the American Bar Association." *See* Doc. 181 at 2.

Defendant moves to exclude Sall's proposed opinions and testimony. Doc. 143 at 1. Defendant argues first that Sall, a California attorney, is unqualified to testify to the standard of care and fiduciary duties applicable to New Mexico attorneys, and second that Sall is unqualified because he lacks relevant experience in seeking orders of protection or practicing in domestic violence courts. *Id.* at 2, 4.

### a. Whether Sall Is Qualified to Opine on the Standard of Care and Fiduciary Duties Applicable to New Mexico Attorneys

Defendant argues that because Sall is not licensed to practice in New Mexico, he is not qualified to opine on the applicable standard of care for New Mexico attorneys, the fiduciary duties New Mexico attorneys owe to their clients, or the scope of the engagement letter between Plaintiff and Lewis Roca. Doc. 143 at 7–13.

Defendant cites no authority to support a *per se* rule that an attorney may not opine regarding the standard of care for attorneys in a state where that attorney does not practice. To the contrary, district courts in this and other circuits have qualified out-of-state attorneys as experts depending on their areas of research. *E.g.*, *Hamilton v. Silven, Schmeits & Vaughan*, No. 09-cv-1094-SI, 2013 WL 2318809 (D. Or. May 28, 2013) (declining to exclude New York attorney as expert on Oregon standard of care); *CDX Liquidating Trustee ex rel. CDX Liquidating Trust v. Venrock Assocs.*, 411 B.R. 571 (Bankr. N. D. Ill. 2009) (holding law professor specializing in corporate governance law was qualified to opine on board of directors' fiduciary obligations under Delaware law even though he had never practiced in Delaware); *Hjelle v. Ross, Ross & Santini*, No. 07-cv-00006-WDM-KLM, 2007 WL 5328994 (D. Wyo. Dec. 19, 2007) (finding out-of-state attorneys well qualified and sufficiently familiarized with Wyoming law to testify as standard of care experts); *Biltmore Assocs., L.L.C. v. Thimmesch*, No. 02-cv-2405-HRH, 2007 WL 5662124 (D. Ariz. Oct. 15, 2007) (noting California attorney and proposed "standard of care" expert previously testified in legal malpractice cases in Arizona).

Here, Sall is expected to testify on whether Defendant failed to comply with New Mexico Rules of Professional Conduct and his opinions are based on Rule 16-104 ("Communication"), Rule 16-106 ("Confidentiality of information"), and Rule 16-107 ("Conflict of interest; current

4

clients"). Although Sall is not licensed to practice in New Mexico, Sall familiarized himself with the relevant New Mexico Rules of Professional Conduct in preparing his opinions in this matter. He also states that he can testify on an attorney's compliance with the New Mexico Rules of Professional Conduct to the extent that the New Mexico standards are consistent with the Model Rules of Professional Conduct. Doc. 143 at 4. New Mexico Rules 16-104, 16-106, and 16-107 are identical in substance to their ABA counterparts Rules 1.4, 1.6, and 1.7. Indeed, apart from Sall's use of the phrase "uberrima fides" in his report—a phrase that does not appear in either the New Mexico or ABA Model Rules—Defendant does not identify any difference between the two sets of standards.

### b. Whether Sall Lacks Relevant Experience Seeking Temporary Restraining Orders

Defendant further argues that Sall does not practice family law and lacks experience seeking temporary restraining orders in domestic violence courts or otherwise. Doc. 143 at 10–11. The Court agrees that Sall has limited experience seeking orders of protection in civil or domestic violence courts. However, Plaintiff intends to call a separate expert—Dorene Kuffer—to testify to the standard of care regarding orders of protection in New Mexico. Sall is not required to provide testimony on the standard of care for orders of protection to offer an opinion on whether Defendant failed to comply with New Mexico Rules 16-104, 16-106, and 16-107. *See Keller v. Arrieta*, No. 20-cv-00259-KG-SCY, 2023 WL 3483937, at *2 (D.N.M. May 16, 2023) ("an expert need not be relevant to every element of every claim").

### II. Defendant's Motion to Exclude Dorene Kuffer (Doc. 144)

Dorene Kuffer is an attorney licensed to practice in New Mexico and owns a law firm focusing on domestic relations cases, including civil restraining orders and domestic violence

cases.  Doc. 211-1 at 268.  As part of her practice, she has represented approximately 150 individuals seeking domestic violence orders of protection.  *Id.*  She has also lectured extensively on family law issues in New Mexico.  *Id.*

Defendant moves to exclude Dorene Kuffer from offering expert testimony in this case.  *See* Doc. 144 at 1.  Defendant argues that Kuffer is unqualified because she has not encountered the circumstances in Plaintiff's order of protection matter, that her opinions are inconsistent with the facts, and that her opinions contain impermissible legal conclusions.  *Id.*

### a. Kuffer's Qualifications

Defendant argues that Kuffer should be barred because she relies on her experience, rather than "rigorous methodology" and that her experience is inapplicable to the facts of this case.  Doc. 144 at 11.  An expert's reliance on experience alone does not necessarily render her opinion unreliable.  *See* Fed. R. Evid. 702 advisory committee's note to 2000 amendment.  To the contrary, Rule 702 expressly contemplates that an expert may be qualified on the basis of experience.  *Id.*; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 156 (1999) ("no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience").

In this case, however, Defendant argues that Kuffer is not familiar with the applicable standard of care because she has not encountered an order of protection matter involving "indirect, passive" harassment where her client first filed a pro se petition in civil court before retaining Kuffer to file a petition in domestic violence court.  *See* Doc. 144 at 10–11.  Defendant cites no authority to support excluding Kuffer's testimony in its entirety because Kuffer has not represented

6

a client in a temporary restraining order with identical facts and procedural background as Plaintiff's case.[1]

As Plaintiff points out in her response, Kuffer's experience includes "thousands of DV cases" and "ten cases" that "involved a person stalking the victim online only." *See* Doc. 179 at 6–8. The Court declines to find that this amounts to "no applicable experience." *See* Doc. 144 at 12. Defendant may attempt to argue that a jury should not credit Kuffer's conclusions because her experience with cases involving online harassment is less extensive, but that goes to the weight a jury should give the evidence rather than its admissibility. The Court finds that Kuffer is qualified to opine in this matter.

### b. Reliability of Kuffer's Opinions

Defendant argues that Kuffer relies on several assumptions that are speculative or "inconsistent with existing facts." Upon review of Kuffer's report and excerpts from her deposition transcript, however, Kuffer does not appear to rely on certain assumptions challenged by Defendant in forming her opinion. For example, Defendant asserts that Kuffer relies on a "core assumption" that Plaintiff had sufficient evidence within her pro se application to obtain a temporary order of protection. *See* Doc. 144 at 14. This assertion does not appear in Kuffer's report, nor is it supported by the excerpts of her deposition attached to Defendant's motion.

Defendant's remaining challenges—including Kuffer's statements describing Plaintiff as an abuse victim and her "assumption" that Smith was fired—likewise do not justify exclusion of

---

[1] Defendant cites *Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1134 (10th Cir. 2009), for the general principle that an expert is not permitted to speculate. *See* Doc. 144 at 12. In *Milne*, the district court concluded that the plaintiffs' expert, who had experience organizing and supervising paved road bike races, was not qualified to testify regarding mountain bike races. *Id.* at 1133. Importantly, the plaintiffs' expert in *Milne* had no experience in organizing, supervising, or studying mountain bike races. *Id.* Far from being "clearly analogous" to the case at bar, *Milne* does not show why Kuffer should be excluded given her prior experience with cases involving online harassment.

Kuffer's testimony. Rule 702 requires that expert testimony be based on sufficient underlying "facts or data." "Facts or data" is broad enough to allow an expert to rely on hypothetical facts that are supported by the evidence. While an expert opinion cannot be based on facts that are contradicted by undisputed evidence, an expert may rely on her client's version of any disputed facts. Experts often reach different conclusions based on competing versions of the facts. *See* Fed. R. Evid. 702 advisory committee's note to 2023 amendment. Where that is so, by deciding the disputed facts, the jury can decide which side's experts to credit. *Id.* To the extent Kuffer's assumptions may be contradicted by competing evidence, Defendant is free to address these assumptions on cross examination or through opposing expert witnesses.

   c.  **Whether Kuffer Offers Legal Conclusions**

Finally, Defendant challenges Kuffer's testimony as hypocritical, inconsistent with Kuffer's own experience, and containing legal conclusions. *See* Doc. 144 at 19–21. While Defendant is correct that experts are generally prohibited from opining on legal issues, the general rule becomes more complex in the context of legal malpractice suits. When an expert witness is required to testify to the standard of care, the expert must clearly articulate and reference a standard of care by which the defendant's actions can be measured. *Robinson v. Wash. Metro. Area Transit Auth.*, 774 F.3d 33, 39 (D.C. Cir. 2014). When the defendant is a lawyer, that standard of care necessarily implicates legal issues that would not arise in a typical negligence case. *See Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100–01 (1st Cir. 1997) (noting "particular areas of law, such as legal malpractice, where expert testimony on legal matters is admissible where it would normally be excluded").

Here, one of the issues before the jury involves the standard of care for a reasonable attorney practicing in New Mexico under similar circumstances. New Mexico generally requires

expert testimony in professional negligence lawsuits to establish a standard of care as well as the professional's breach of that standard. *See Rodriguez v. Horton*, 622 P.2d 261, 264 (N.M. App. 1980). New Mexico case law further recognizes that in legal malpractice cases, expert testimony is admissible to establish that an attorney breached the standard of care and that the breach resulted in damage to the client. *E.g.*, *Rancho del Villacito Condominiums, Inc. v. Weisfeld*, 908 P.2d 745, 749 (1995). Kuffer is an experienced attorney in New Mexico civil and domestic violence courts. She has identified actions she contends Lewis Roca attorney, Bobbie Collins, and any reasonably competent attorney should have taken with respect to Plaintiff's case. To the extent that Kuffer's opinions are inconsistent with her own practice in temporary restraining order cases, Defendant may address those inconsistences via cross examination.

### III.     Defendant's Motion for Summary Judgment (Doc. 155)

Defendant's Motion for Summary Judgment (Doc. 155) asserts that Lewis Roca is entitled to judgment as a matter of law because Plaintiff cannot meet her burden of proof on her professional negligence and breach of fiduciary duty claims without an expert to testify to the duty of care for an attorney practicing under similar circumstances. Because the Court denies Defendant's motions to exclude the testimony of Sall and Kuffer, the Court also finds that Defendant is not entitled to summary judgment on the grounds that Plaintiff will have no expert testimony to support her claim that Lewis Roca breached the standard of care or fiduciary duty owed to Plaintiff.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Daubert Motion and Memorandum to Exclude Testimony of Robert K. Sall (Doc. 143) is denied; Defendant's Daubert Motion and Memorandum to Exclude Testimony of Dorene A. Kuffer (Doc. 144) is denied; and Defendant's

9

Motion for Summary Judgment Regarding Plaintiff's Claims That Require a Legal Expert (Doc. 155) is denied.

_____
**SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE**